UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS & COCHRANE, LLP,<br><br>Plaintiff,<br><br>v.<br><br>QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, a federally-recognized Indian Tribe; ROBERT ROSETTE; ROSETTE & ASSOCIATES, PC; ROSETTLE, LLP; RICHARD ARMSTRONG; KEENY ESCALANTI, SR.; MARK WILLIAM WHITE, II, also known as WILLIE WHITE; and DOES 1 THROUGH 10,<br><br>Defendants. | Case No.: 3:17-cv-01436-GPC-MDD<br><br>**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF No. 6]** |

Before the Court is Plaintiff's *ex parte* motion to seal select portions of its complaint and certain exhibits attached to the complaint. (ECF No. 6.) The Court denied a previous motion by Plaintiff to seal this case and the complaint. (*See* ECF No. 3.) For the reasons explained below, the Court now GRANTS Plaintiff's motion to file its complaint with redactions, and ACCEPTS the complaint filed at ECF No. 5.

//

## I. Background

Plaintiff first filed this action on July 16, 2017. (ECF No. 1.) The case arises out of an attorney-client fee agreement that Plaintiff entered into with Defendant Quechan Tribe of the Fort Yuma Indian Reservation ("the Tribe"). (ECF No. 3 at 2.) Plaintiff's claims arise from the Tribe allegedly terminating Plaintiff as the Tribe's counsel three days prior to the date on which the Tribe was set to sign a compact with the State of California. (*Id.*) Plaintiff moved to file the case and the complaint under seal. (ECF No. 2.) The court denied the motion on August 17, 2017, explaining that sealing the case and or the entire complaint was unwarranted. (ECF No. 3.) While the Court agreed that it was appropriate to seal privileged attorney-client information, attorney work-product, and confidential information about the Tribe's negotiations with the State of California, it was not persuaded that the existence of such information within the complaint warranted sealing the entire complaint, let alone the case. (*Id.* at 4.) The Court explained that "Plaintiff has offered no compelling reason why every paragraph in its 91-page complaint and why each of its thirty-nine exhibits must be filed under seal." (*Id.*) The Court explained, however, that "to the extent that Plaintiff wishes to protect the confidential and privileged information contained within the complaint, it must redact those portions of the complaint (and those portions of the exhibits)." (*Id.*)

On September 19, 2017, Plaintiff refiled its complaint with several redactions. (ECF No. 5.) Along with the complaint, Plaintiff has filed a motion to seal in which it asks the Court to approve the redacted complaint as filed (ECF No. 6), and lodged with the Court an unredacted version of the complaint (ECF No. 7). The Court finds that the redactions are appropriate to prevent the disclosure of confidential attorney-client communications, attorney work-product, and confidential negotiations between the Tribe and the State of California.

## II. Legal Standard

Under common law and the First Amendment, there is a presumptive right of public access to court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

(1978). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record must articulate justifications that outweigh the historical right of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79.

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Id.* at 1178–80. However, for non-dispositive motions, the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c). *Id.* at 1180. The "compelling reasons" test requires showing more than just "good cause." *Id.* Documents filed under seal will be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

Although the "Ninth Circuit has yet to specify whether a party seeking to seal a complaint . . . must meet the 'compelling reasons' or 'good cause' standard," *see Harrell v. Cal. Forensic Med. Grp., Inc.*, No. 2:15-cv-00579-KJN-P, 2015 WL 1405567, *1 (E.D. Cal. Mar. 26, 2015), district courts generally conclude that the "compelling reasons" standard applies because the complaint initiates the civil action. *See, e.g.*, *Robert Half Int'l v. Ainsworth*, 2015 WL 4394805, *3 n.2 (S.D. Cal. July 15, 2015). The Court agrees and applies the "compelling reasons" standard to Plaintiff's request to redact portions of its complaint.

**III. Discussion**

Plaintiff asserts that its redactions in the filed complaint are limited to confidential information arising from confidential attorney-client communications, attorney work-product, and confidential negotiations between the Tribe and the State of California. After reviewing the voluminous complaint and its exhibits, the Court confirms that the proposed redactions are limited to these three types of information.

The Court agrees with Plaintiff that protection against disclosure of these three

3

3:17-cv-01436-GPC-MDD

types of information is a compelling reason that rebuts the presumption of public access. First, privileged attorney-client communications are considered "archetypical examples material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012). Because such information is one that has "traditionally been kept secret for important policy reasons," redacting such information from the complaint is warranted. *Id.*; *see also Hanson v. Wells Fargo Home Mortg., Inc.*, 2013 WL 5674997, *3 (W.D. Wash. Oct. 17, 2013) ("Courts generally accept attorney-client privilege and the work-product-doctrine as a 'compelling reason' justifying a motion to seal.").

Second, preventing the disclosure of attorney work-product is also a compelling reason to prevent public access to such information. "The purpose of the work product doctrine is to protect an attorney's mental processes so that the attorney can analyze and prepare for the client's case without interference from an opponent." 6 *Moore's Fed. Prac.*, Civil § 26.70(1). The Court follows the lead of other district courts in this circuit who have found that preventing disclosure of work-product is a compelling reason to restrict public access to court documents. *See, e.g.*, *Hanson*, 2013 WL 5674997, at *3; *Asdale v. Int'l Game Tech.*, No. 3:04-cv-703-RAM, 2010 WL 2161930, at *5 (D. Nev. May 28, 2010).

Finally, Plaintiff asserts that preventing the disclosure of confidential negotiations between the Tribe and the State of California is a compelling reason to restrict public access to its complaint. The Court agrees. *See Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993) ("The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection."). As indicated by the declaration attached to Plaintiff's motion to seal, the State of California had always maintained that the negotiations between it and the Tribe were to be kept "strictly confidential." (ECF No. 6-1 at 2–3 ¶ 4.)

### IV. Conclusion

The Court concludes that Plaintiff has offered sufficient reason to warrant its

proposed redactions to its complaint and attached exhibits.  As a result, the Court **GRANTS** Plaintiff's motion to seal and accepts Plaintiff's redacted amended complaint. The Clerk of Court is respectfully requested to file, under seal, the lodged unredacted copy of Plaintiff's amended complaint. (ECF No. 7.)

**IT IS SO ORDERED.**

Dated:  November 7, 2017

Hon. Gonzalo P. Curiel
United States District Judge