UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS & COCHRANE, LLP, <br><br> Plaintiff, <br><br> v. <br><br> QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, a federally-recognized Indian Tribe; ROBERT ROSETTE; ROSETTE & ASSOCIATES, PC; ROSETTLE, LLP; RICHARD ARMSTRONG; KEENY ESCALANTI, SR.; MARK WILLIAM WHITE, II, also known as WILLIE WHITE; and DOES 1 THROUGH 10, <br><br> Defendants. | Case No.: 3:17-cv-01436-GPC-MDD <br><br> **ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL** <br><br> **[ECF No. 34]** |

Before the Court is a motion to file documents under seal filed by Defendants Rosette, Rosette & Associates PC, Rosette LLP, and Armstrong (the "Rosette Defendants"). (ECF No. 34.) For the reasons explained below, the Court GRANTS the motion and ACCEPTS the memoranda as filed at ECF No. 31-1 and 32-1.

**I.   Background**

Plaintiff first filed this action on July 16, 2017. (ECF No. 1.) The case arises out

of an attorney-client fee agreement that Plaintiff entered into with Defendant Quechan Tribe of the Fort Yuma Indian Reservation ("the Tribe"). (ECF No. 3 at 2.) Plaintiff's claims arise from the Tribe allegedly terminating Plaintiff as the Tribe's counsel three days prior to the date on which the Tribe was set to sign a compact with the State of California. (*Id.*) Plaintiff moved to file the case and the complaint under seal. (ECF No. 2.) The Court denied the motion on August 17, 2017, explaining that sealing the case and or the entire complaint was unwarranted. (ECF No. 3.) While the Court agreed that it was appropriate to seal privileged attorney-client information, attorney work-product, and confidential information about the Tribe's negotiations with the State of California, it was not persuaded that the existence of such information within the complaint warranted sealing the entire complaint, let alone the case. (*Id.* at 4.) The Court explained that "Plaintiff has offered no compelling reason why every paragraph in its 91-page complaint and why each of its thirty-nine exhibits must be filed under seal." (*Id.*) The Court explained, however, that "to the extent that Plaintiff wishes to protect the confidential and privileged information contained within the complaint, it must redact those portions of the complaint (and those portions of the exhibits)." (*Id.*)

On September 19, 2017, Plaintiff refiled its complaint with several redactions, as well as an accompanying motion to seal. (ECF Nos. 5, 7.) The Court found the redactions appropriate because they were limited to confidential information arising from confidential attorney-client communications, attorney work-product, and confidential negotiations between the Tribe and the State of California. The Court therefore granted the motion to file a redacted complaint. (ECF No. 9.)

The Rosette Defendants have filed motions to dismiss Plaintiff's claims and to strike. (ECF Nos. 31, 32.) The memoranda in support of the motions are redacted. (ECF Nos. 31-1, 32-1.) The Rosette Defendants now seek permission to file the redacted memoranda. (ECF No. 34.)

## II. Legal Standard

Under common law and the First Amendment, there is a presumptive right of

2

3:17-cv-01436-GPC-MDD

public access to court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record must articulate justifications that outweigh the historical right of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79.

Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Id.* at 1178–80. The "compelling reasons" test requires showing more than just "good cause." *Id.* Documents filed under seal will be limited to only those documents, or portions thereof, necessary to protect such sensitive information.

### III. Discussion

In seeking to redact its complaint, Plaintiff asserted that its redactions were necessary because the information it seeks to protect arises from confidential attorney-client communications, attorney work-product, and confidential negotiations between the Tribe and the State of California. The Court agreed with Plaintiff that protection against disclosure of these three types of information is a compelling reason that rebuts the presumption of public access. (*See* ECF No. 9 at 3–4.)

Here, the Rosette Defendants propose to redact from their memoranda any references to information in the operative complaint that Plaintiff has redacted. (*See, e.g.*, ECF No. 31-1 at 4, 9, 10.) Because the Court has already found that protection of the confidential information redacted in the operative complaint serves as a compelling reason to rebut the presumption of public access, the Court concludes that redaction of the same information from the Rosette Defendants' memoranda is appropriate.

### IV. Conclusion

The Court **GRANTS** the Rosette Defendants' motion to seal and ACCEPTS the redacted versions of the memoranda in support of its motions to dismiss and strike. The

3

Clerk of Court is respectfully requested to file, under seal, the lodged unredacted copies of the Rosette Defendants' memoranda. (ECF Nos. 35, 35-1.)

**IT IS SO ORDERED.**

Dated: February 13, 2018

Hon. Gonzalo P. Curiel
United States District Judge