# EXHIBIT 43

# THE LAC VIEUX DESERT BAND OF LAKE SUPERIOR CHIPPEWA INDIANS

# TRIBAL CONSUMER FINANCIAL SERVICES REGULATORY CODE

## SECTION 1. FINDINGS, INTENT AND POLICY

1.1 <u>Findings.</u> The Tribal Council of the Lac Vieux Desert Band of Lake Superior Chippewa Indians, the primary governing body of the Tribe, finds that:

(a) The Tribe desires to expedite the development of the economy of the Tribe in order to improve the Tribe's economic self-sufficiency, to enable the Tribe to better serve the social, economic, educational, and health and safety needs of its members and visitors, and to provide its members with opportunities to improve their own economic circumstances.

(b) Tribal operation and licensing of one (1) or more consumer financial services businesses is a legitimate means of generating revenue to address the aforementioned needs and pursuing the Tribe's goal of self-sufficiency and self-determination.

(c) The Tribe has the legal authority to license and regulate consumer financial services businesses within its jurisdiction.

(d) Properly licensed and regulated consumer financial services is consistent with announced federal policy promoting tribal self-government and economic self-sufficiency.

(e) Tribal regulation and control of consumer financial services businesses within the jurisdiction of the Tribe is essential for the protection of the public welfare.

(f) It is essential that the Tribal Council regulate consumer financial services in a manner commensurate with Tribal law and policy and applicable federal law.

(g) It is essential that public confidence in consumer financial services that takes place within the Tribe's jurisdiction be maintained.

(h) Adoption of a Tribal Consumer Financial Services Regulatory Code by the Tribal Council is a necessary condition for the legal operation of consumer financial services within the Band's reservation and is in the best interest of the Tribe.

(i) Establishment of a Tribal Consumer Financial Services Regulatory Authority to implement the purpose and intent of the Tribal Financial Services Regulatory Code within the Band's reservation is in the best interest of the Tribe.

1.2 <u>Intent.</u> The Tribal Council, on behalf of the Tribe, declares that the intent of this Code is to:

(a) Diversify and expedite the development of the economy of the Lac Vieux Desert Band of Lake Superior Chippewa Indians for the purposes described in section 1.1(a) above.

**Ex 43**
**801**

Case 3:17-cv-01436-RSH-DEB   Document 39-43   Filed 03/02/18   PageID.3496   Page 3 of 9

Tribal Consumer Financial Services Regulatory Code                    Page **4** of **35**
Originally Enacted Pursuant to Tribal Council Resolution 2011-030
Last Amended Pursuant to Tribal Council Resolution T2015-073

2.10    "License" means the official, legal and revocable Financial Services License, Vendor License or Employee License, issued by the Authority. A License relating to consumer financial services is a revocable privilege.

2.11    "Licensee" means any Financial Services Licensee, Vendor Licensee, and Employee Licensee whenever used generally in this Code.

2.12    "Code" means this Tribal Consumer Financial Services Regulatory Authority

2.13    "Person" means any natural person, partnership, joint venture, association, trust, firm, estate, club, society, receiver, assignee, trustee in bankruptcy, political entity, company, corporation or other group, however organized, and any owner, director, officer or employee of any such entity or any group of individuals acting as a unit, whether mutual, cooperative, fraternal, nonprofit, or otherwise, the government of the Tribe, any governmental entity of the Tribe or any of the above listed forms of business entities that are wholly owned or operated by the Tribe, or any other entity whatsoever, who engages or seeks to engage in the business of consumer financial services pursuant to this Code; provided, that the term does not include the Federal Government or any agency thereof.

2.14    "Title Transaction Business" means the activities of a financial services provider in providing Vehicle Transactions and other related financial services to consumers or other persons.

2.15    "Tribal Council" means the Lac Vieux Desert Band of Lake Superior Chippewa Indians Tribal Council, the governing body of the Tribe as defined and described in Article IV, Section 1 of the Tribe's Constitution.

2.16    "Tribal Financial Services Regulatory Authority" or "Authority" means the regulatory authority established and described in Section 4 of this Code.

2.17    "Tribe," "Band" or "LVD" means the Lac Vieux Desert Band of Lake Superior Chippewa Indians.

2.18    "Vendor" means any natural person, partnership, joint venture, association, trust, firm, estate, club, society, receiver, assignee, trustee in bankruptcy, political entity, company, corporation or other group, however organized, who engages or seeks to engage in the business of providing services to a Licensee pursuant to this Code.

2.19    "Vendor Licensee" means a Person or entity that is licensed by the Authority to provide services to a Financial Services Licensee in connection with the marketing, origination, processing, or collecting consumer financial services.

2.20    "Vehicle Transaction" means any form of consumer financial services transaction provided by a financial services provider to a consumer that is secured, in whole or in part, by a

Case 3:17-cv-01436-RSH-DEB   Document 39-43   Filed 03/02/18   PageID.3497   Page 4 of 9

Tribal Consumer Financial Services Regulatory Code                    Page **6** of **35**
Originally Enacted Pursuant to Tribal Council Resolution 2011-030
Last Amended Pursuant to Tribal Council Resolution T2015-073

and after the date of its final passage and approval by the Tribal Council.

### SECTION 4. TRIBAL FINANCIAL SERVICES REGULATORY AUTHORITY

4.1    Establishment and Purpose. The Tribal Council hereby charters, creates and establishes the Tribal Financial Services Regulatory Authority as a governmental subdivision of the Tribe. The Authority has charge of the implementation of the Code and regulations of the Tribe relating to consumer financial services activities and associated licensing requirements.

4.2    Location and Place of Business. The Authority may maintain its headquarters, principal place of business and office within the Tribal offices. The Authority may, however, with a majority vote from the Tribal Council, establish other places of business in such other locations as the Authority may from time to time determine to be in the best interest of the Tribe.

4.3    Duration. The Authority shall have perpetual existence and succession in its own name, unless dissolved by the Tribal Council pursuant to Tribal law.

4.4    Attributes. As a governmental subdivision of the Tribe, the Authority is under the direction and control of the Tribal Council, and it is the purpose and intent of the Tribal Council that the operations of the Authority be conducted on behalf of the Tribe for the sole benefit and interests of the Tribe, its members and residents of and visitors to the Tribe's reservation.

(a)    Arm of Tribe. In carrying out its purposes under this Code, the Authority shall function as an arm of the Tribe.

(b)    Tribal Actions. Notwithstanding any authority delegated to the Authority under this Code, the Tribe reserves to itself the right to bring suit against any Person or entity in its own right, on behalf of the Tribe or on behalf of the Authority whenever the Tribe deems it necessary to protect the sovereignty, rights and interests of the Tribe or the Authority.

4.5    Sovereign Immunity of the Authority.

(a)    Immunity from Suit. The Authority is cloaked by Tribal and federal law with all the privileges and immunities of the Tribe, except as specifically limited by this Code, including sovereign immunity from suit in any tribal, federal or state court.

(b)    No Waiver. Nothing in this Code shall be deemed or construed to be a waiver of sovereign immunity of the Authority from suit, which shall only be waived pursuant to subsection 4.5.

(c)    No Consent to Jurisdiction. Nothing in this Code shall be deemed or construed to be consent of the Authority to the jurisdiction of the United States or of any state or of any other tribe with regard to the business or affairs of the Authority.

(d)    Waiver of Sovereign Immunity of the Authority. Sovereign immunity of the Authority may be waived upon the recommendation of the Authority and only by express

Tribal Consumer Financial Services Regulatory Code
Originally Enacted Pursuant to Tribal Council Resolution 2011-030
Last Amended Pursuant to Tribal Council Resolution T2015-073

resolution of the Tribal Council.

(1) <u>Resolution Effecting Waiver.</u> All waivers of sovereign immunity must be preserved with resolutions of continuing force and effect issued by the Tribal Council.

(2) <u>Policy on Waiver.</u> Waivers of sovereign immunity are disfavored and shall be granted only when necessary to secure a substantial advantage or benefit to the Authority or the Tribe.

(3) <u>Limited Nature to Waiver.</u> Waivers of sovereign immunity shall not be general but shall be specific and limited as to duration, grantee, transaction, property or funds, if any, of the Authority subject thereto, and the court having jurisdiction pursuant thereto and law applicable thereto.

(4) <u>Limited Effect of Waiver.</u> Neither the power to sue and be sued provided in subsection 4.12 herein, nor any express waiver of sovereign immunity by resolution of the Tribal Council shall be deemed a consent to the levy of any judgment, lien or attachment upon property of the Authority other than property specifically pledged or assigned, a consent to suit with respect to any land within the exterior boundaries of the Tribe's reservation, or a consent to the alienation, attachment or encumbrance of any such land.

4.6   <u>Sovereign Immunity of the Tribe.</u> With respect to the existence and activities of the Authority, all inherent sovereign rights of the Tribe as a Federally-recognized Indian Tribe are hereby expressly reserved, including sovereign immunity from suit in any state, Federal or Tribal court. Nothing in this Code nor any action of the Authority shall be deemed or construed to be a waiver of sovereign immunity from suit or counterclaim of the Tribe, a consent of the Tribe to the jurisdiction of the United States, any state or other tribe with regard to the business or affairs of the Authority or the Tribe, a consent of the Tribe to any cause of action, counterclaim, case or controversy, or to the levy of any judgment, lien or attachment upon any property of the Tribe, a consent to suit or counterclaim in respect to any land within the exterior boundaries of the Tribe's reservation, or to be a consent to the alienation, attachment or encumbrance of any such land.

4.7   <u>Assets of the Authority.</u> The Authority shall have only those assets specifically assigned to it by the Tribal Council, acquired in its name by the Tribe, or acquired by the Authority on its own behalf. No activity of the Authority or any indebtedness incurred by it shall implicate or in any way involve any assets of tribal members or the Tribe not assigned in writing to the Authority.

4.8   Regulatory Agent; Compensation, Duties.

(a) <u>Regulatory Agent; Term of Office.</u> The Authority shall initially be governed by one (1) Agent appointed by the Tribal Council. The Tribal Council may increase the number of Agents by Resolution as it deems necessary to conduct the governmental operations of the Authority. The Tribal Council shall determine an Agent's term of office.

(b) <u>Compensation.</u> The compensation of the Agent shall be established from time to

Case 3:17-cv-01436-RSH-DEB   Document 39-43   Filed 03/02/18   PageID.3499   Page 6 of 9

Tribal Consumer Financial Services Regulatory Code                    Page **8** of **35**
Originally Enacted Pursuant to Tribal Council Resolution 2011-030
Last Amended Pursuant to Tribal Council Resolution T2015-073

time by the Tribal Council.

(1) <u>Duties.</u> The Agent shall have the following responsibilities:

(2) Oversee and have responsibility for the day-to-day operations of the Authority, including supervision of Authority employees;

(3) Serve as the agent for service of process; and

(4) Conduct or oversee the conduct of any meetings or hearings held by the Authority in accordance with this Code or further directive of the Tribal Council.

(c) <u>Agent Qualifications.</u> Any person appointed as an Agent of the Authority shall meet the following qualifications:

(1) The Agent shall be an enrolled member of the Tribe.

(2) The Agent shall have expertise, experience, education or a combination thereof in the following areas: financial services, finance, management, business, governmental regulation, law, and/or Tribal policy.

(3) The Agent shall be at least twenty-one (21) years of age and show proof of High School Diploma or equivalent.

(4) No person shall serve as Regulatory Agent if:

   i. His/her prior activities, criminal record, if any, or reputation, habits or associations:

      i. Pose a threat to the public interest; or
      ii. Threaten the effective regulation and control of financial services; or
      iii. Enhance the dangers of unsuitable, unfair, or illegal practices, methods, or activities in the conduct of financial services.

   ii. He/she has been convicted of or entered a plea of no contest to any felony or to a misdemeanor involving breach of trust or dishonesty in any jurisdiction; or

4.9         He/she, or any member of his or her Immediate Family has an ownership, partnership or other direct monetary or financial interest in the conduct of any Licensee or is in privity with a Financial Services Licensee, Vendor Licensee or one of its agents, contractors, or sub-contractors; or if he or she has any other personal or legal relationship that places him/her in a conflict of interest with any Licensee. For purposes of this subsection, "Immediate Family" includes spouse or significant other, parents, children, and siblings. Ownership of a Licensee by virtue of membership in the Tribe is not a per se monetary or financial interest in the conduct of any Licensee.

Tribal Consumer Financial Services Regulatory Code
Originally Enacted Pursuant to Tribal Council Resolution 2011-030
Last Amended Pursuant to Tribal Council Resolution T2015-073

4.10     <u>Meetings.</u>  The Authority shall hold or participate in such meetings with the Tribal Council as are necessary and appropriate.

4.11    <u>Prohibited Acts.</u>  The Agent and Authority employees shall not do any of the following with respect to any Licensee under the jurisdiction of the Authority:

(a)     Be indebted, either directly or indirectly, as borrower, accommodation endorser, surety or guarantor to any Licensee unless such indebtedness was contracted before becoming employed by or appointed to the Authority and is fully disclosed to the Authority. Notwithstanding the foregoing, an employee of the Authority other than a Commissioner may become so indebted; provided that, while the debt is outstanding, the borrower shall not participate in any examination of any Licensee conducted by the Authority and the indebtedness is:

(1)     Incurred on terms no more favorable than those available to the general public, and

(2)     Fully disclosed to and approved by the Chairperson before funding, including the following information:

   i.     The date of the indebtedness;
   ii.    The amount;
   iii.   The interest rate; and
   iv.    Security.

(b)     Be an officer, director, or employee of any Licensee.

(c)     Own or deal in, directly or indirectly, the shares or obligations of any Vendor Licensee.

(d)     Be interested in, directly or indirectly, or receive from any Licensee or any officer, director, or employee of any Licensee any salary, fee, compensation or other valuable thing by way of gift, donation, credit, or compensation for services or otherwise; except that an Agent or Authority employee is permitted to receive his or her pro-rata share of revenue that has been generated by a Licensee and is distributed among all eligible Tribal members by virtue of membership in the Tribe.

4.12    <u>Removal of Regulatory Agent / Vacancy.</u>

(a)     <u>Removal.</u> The Agent may be removed by the Tribal Council for the following reasons: serious inefficiency, neglect of duty, malfeasance, misfeasance, nonfeasance, misconduct in office, or for any conduct which threatens the honesty and integrity of financial services or the Authority or violates the letter or intent of this Code. The decision of the Tribal Council concerning removal of a Regulatory Agent shall be final.

Case 3:17-cv-01436-RSH-DEB   Document 39-43   Filed 03/02/18   PageID.3501   Page 8 of 9

Tribal Consumer Financial Services Regulatory Code                    Page **10** of **35**
Originally Enacted Pursuant to Tribal Council Resolution 2011-030
Last Amended Pursuant to Tribal Council Resolution T2015-073

(b)     <u>Vacancy.</u> If the Regulatory Agent shall die, resign, be removed or for any reason be unable to serve as an Agent, the Tribal Council shall declare his or her position vacant and shall appoint another qualified Tribal member to fill the position within thirty (30) days of the vacancy. The term of office of the person appointed to replace the Agent shall be for the balance of the unexpired term for the position.

4.13    <u>Powers of the Authority.</u> The Authority has the authority and responsibility for the discharge of all duties imposed by law and this Code on the Authority. In furtherance, but not in limitation of, the Authority's purposes and responsibilities, and subject to any restrictions contained in this Code or other applicable law, the Authority shall have, and is authorized to exercise the following powers and responsibilities in addition to all powers already conferred by this Code:

(a)     To promulgate, adopt, and enforce regulations and rules furthering the purpose and provisions of this Code; provided that such regulations shall take effect only upon approval of the Tribal Council.

(b)     To examine or inspect or cause to be examined or inspected each Licensee annually and more frequently if the Authority considers it necessary.

(c)     To make or cause to be made reasonable investigations of any Licensee or Person as it deems necessary to ensure compliance with this Code or any order of the Authority, to determine whether any Licensee or Person has engaged, is engaging or is about to engage in any act, practice or transaction that constitutes an unsafe or unsound practice or violation of this Code or any order of the Authority; or to aid in adopting rules or regulations pursuant to this Code.

(d)     To establish procedures designed to permit detection of any irregularities, fraud, or the like.

(e)     Upon prior explicit resolution and approval of the Tribal Council, to employ such advisors as it may deem necessary. Advisors may include, but are not limited to, lawyers, accountants, law enforcement specialists and financial services professionals.

(f)     To accept, review, approve or disapprove any Application for a License, including conducting or arranging for background investigations of all Applicants.

(g)     To examine under oath, either orally or in writing, in hearings or otherwise, any Licensee or Person, or agent, officer or employee of any Licensee or Person, or any other witness with respect to any matters related to this Code and to compel by subpoena the attendance of witnesses and the production of any books, records, and papers with respect thereto. Upon refusal to appear or produce, the Authority may apply to a court of competent jurisdiction to compel appearance or production.

(h)     To make, or cause to be made by its agents or employees, an examination or

Tribal Consumer Financial Services Regulatory Code
Originally Enacted Pursuant to Tribal Council Resolution 2011-030
Last Amended Pursuant to Tribal Council Resolution T2015-073

investigation of the place of business, equipment, facilities, tangible personal property and the books, records, papers, vouchers, accounts, documents and financial statements of any Licensee or Person engaging or participating in, or suspected to be engaging or participating in, consumer financial services.

(i)     To discipline any Licensee or Person engaging or participating in consumer financial services in violation of this Code by ordering immediate compliance, issuing fines and sanctions, and suspending or revoking any License pursuant to the hearings and due process required by Section 4.18 of this Code.

(j)     To sue or be sued in courts of competent jurisdiction within the United States and Canada, subject to Section 4.6 herein; provided, that no suit shall be brought by the Authority without the prior explicit written approval of the Tribal Council.

(k)     To arbitrate, compromise, negotiate or settle any dispute to which it is a party relating to the Authority's authorized activities, subject to any approval of the Tribal Council that may be required by the Tribal Council.

(l)     To adopt a schedule of fees to be charged for the processing, issuance and renewal of Licenses, including fees or charges associated with conducting background checks; for reasonable examinations of Licensees; and for services rendered relating to transcripts and the furnishing or certifying of copies of proceedings, files, and records and to impose the forgoing fees as applicable.

(m)     To establish and maintain such bank accounts as may be necessary or convenient.

(n)     To make such findings as may be necessary to implement the Authority's duties and powers, with such findings to be given deference as the legally binding findings of a governmental entity.

4.14    Investigations, Right of Entrance.

(a)     Investigations. The Authority, upon complaint or upon its own initiative or whenever it may deem it necessary in the performance of its duties or the exercise of its powers, may investigate and examine the operation and premises of any Licensee or Person engaging or suspected to be engaging in consumer financial services within its jurisdiction.

(1)     In undertaking such investigations, the Authority may request the assistance of federal or local law enforcement officials, legal counsel and/or other third parties.

(2)     In conducting such investigation, the Authority shall make no order or final decisions without affording any affected party notice and a hearing pursuant to Section 4.18 of this Code.

(3)     This power to investigate does not authorize the Authority to manage the