# EXHIBIT 45

# OPERATING AGREEMENT

## OF

## LAC COURTE OREILLES FINANCIAL SERVICES, LLC

THIS OPERATING AGREEMENT ("Agreement"), made this 8th day of July, 2013, by and between the Lac Courte Oreilles Band of Lake Superior Chippewa Indians (hereinafter referred to as "Member") and LAC COURTE OREILLES FINANCIAL SERVICES, LLC (hereinafter "Company"), a limited liability company wholly owned by Member formed pursuant to the Lac Courte Oreilles Limited Liability Company Code and governed by the jurisdiction and laws of the Lac Courte Oreilles Band of Lake Superior Chippewa Indians.

## SECTION 1

## THE LIMITED LIABILITY COMPANY

1.1 **Formation.** Pursuant to Resolution No. 13-36 of the Tribal Governing Board of the Lac Courte Oreilles Band of Lake Superior Chippewa Indians ("Resolution"), Member has formed a tribal limited liability company effective upon the filing of the Articles of Organization of the Company with the Secretary/Treasurer of the Tribal Governing Board.

    1.1.1 The Resolution establishes a Board of Directors to serve for the benefit of the Company, which shall consist of five (5) members that the Tribal Governing Board can appoint in its sole and absolute discretion.

1.1 **Purpose.** The Company has been formed to engage in the business of operating one (1) or more tribal e-commerce businesses, including but not limited to consumer financial services and Class II internet gaming, and in any activities that are directly related to the accomplishment of such purpose which are lawful and consistent with the Resolution and the Company's Articles of Organization.

1.2 **Intent.** It is the intent of Member that the Company shall be a Member-Managed limited liability company. It shall always be operated in a manner consistent with its treatment as a tribal entity for applicable tribal, state, and federal law purposes. It is also the intent of the Member that the company shall be treated as a one hundred percent tribally owned and operated company, for federal and state law purposes, including all tax purposes, under the exclusive ownership, control, and jurisdiction of the Lac Courte Oreilles Band of Lake Superior Chippewa Indians. No Member, manager, or officer shall take any action inconsistent with the express intent of the parties hereto.

1.3 **Office.** The Company will maintain its principal business office at 9790N County Hwy K, Hayward, Wisconsin, 54843 which is located within the exterior boundaries of the Lac Courte Oreilles Reservation, established under the 1854 Treaty of LaPointe and reaffirmed under United States Executive Order issued in 1873.

1.4 **Term.** The Company shall commence upon the filing of its Articles of Organization and shall continue until such time as it shall be terminated as provided in this Agreement.

.3 ... the Tribe unless otherwise appointed by written resolution of the Tribal Governing Board; provided, however, that this requirement shall not apply if a vacancy occurs resulting in the majority of the Board Members not being enrolled members of the Tribe so long as such vacancy is filled by an enrolled member of the Tribe within a timely manner.

.4 Board Members who are not members of the Tribe shall have substantial business, financial or industry experience.

.5 Board Members can be removed, with or without cause, by written resolution of the Tribal Governing Board.

## nager's Powers and Responsibilities.

.1 The Company, through action of its Board of Directors, may hire a Manager who may have the power and authority to do and perform all actions as may be necessary or appropriate to the conduct of the Company's business. Management of the Company's business affairs shall be vested in Manager, except as limited specifically within this Agreement and in Section 3.2. The power and the authority of Manager are expressly limited to the Company's business affairs.

.2 Any change in Manager shall be immediately reported to Member.

.3 Any successor Manager shall be appointed by the Board of Directors of Lac Courte Oreilles Financial Services, LLC.

.4 At the Board of Directors' discretion, Manager may serve pursuant to an employment contract or simply as an at-will officer/employee of the Company. Manager may be removed by a majority vote of the Board of Directors, with or without cause, subject to any possible employment agreement between Manager and the Company.

.5 Manager shall have a strict fiduciary responsibility to the Company and to Member and shall at all times carry out business of the Company in such capacity.

.6 Manager shall abide by all requirements of Tribal law, including any reporting requirements, and applicable federal and state law.

**rtain Restrictions on Business Powers.** While Manager has general and broad hority under Section 3.2.1, Manager shall be required to obtain express written nsent in the form of a Resolution from the Board of Directors, approving and horizing, to do any of the following:

Ex 45
811