| | |
|---|---|
| WILLIAMS & COCHRANE, LLP,<br><br>Plaintiff,<br><br>v.<br><br>QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION; ROBERT ROSETTE; ROSETTE & ASSOCIATES, PC; ROSETTE, LLP; RICHARD ARMSTRONG; KEENY ESCALANTI, SR.; MARK WILLIAM WHITE II, a/k/a WILLIE WHITE; and DOES 1-10,<br><br>Defendants. | Case No.: 3:17-cv-01436-GPC-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO RECONSIDER [ECF No. 43]**<br><br>**(2) DENYING AS MOOT MOTIONS TO DISMISS AND STRIKE [ECF Nos. 29, 30, 31, 32]**<br><br>**and**<br><br>**(3) GRANTING MOTION TO SEAL [ECF No. 40]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is a motion by Plaintiff asking the Court to reconsider its rejection of Plaintiff's amended complaint. (ECF No. 43.) All Defendants oppose the motion. (ECF Nos. 46, 47.) For the reasons explained below, the Court concludes that Federal Rule of Civil Procedure 15(a)(1)(B) entitled Plaintiff to file the amended complaint as a matter of course. The Court therefore GRANTS the motion to reconsider, ACCEPTS the Amended Complaint filed at ECF Number 39, and DENIES AS MOOT the previously filed motions to dismiss and strike.

1

## I. Background

This case arises out of an attorney-client fee agreement that Plaintiff entered into with Defendant Quechan Tribe of the Fort Yuma Indian Reservation (the "Tribe"). (ECF No. 3 at 2.) Plaintiff's claims arise from the Tribe's alleged termination of Plaintiff as its counsel three days prior to the date on which the Tribe was to sign a compact with the State of California. (*Id.*)

Plaintiff initiated this action on July 17, 2017, by filing its original complaint. (ECF No. 1.) Plaintiff sought leave to seal its entire complaint because the complaint contained confidential information. (ECF No. 2.) The Court denied Plaintiff leave to file the entire complaint under seal because Plaintiff had not offered a compelling reason why sealing the complaint—as opposed to redacting it—was appropriate. (ECF No. 3.) There, the Court instructed: "to the extent that Plaintiff wishes to protect the confidential and privileged information contained within the complaint, it must redact those portions of the complaint (and those portions of the exhibits) and file the redacted version on the public docket." (*Id.* at 4.) The Court ordered the Clerk of Court to "unseal the case, strike the complaint from the record, and file the motion to seal on the public docket." (*Id.* at 5.)

On September 19, 2017, Plaintiff filed a complaint with several redactions, accompanied by a motion to seal. (ECF Nos. 5, 6.) Finding the redactions appropriate, the Court granted the motion and "accepted" the redacted complaint. (ECF No. 9 at 5.)

On February 9, 2018, Defendants filed motions to dismiss and motions to strike. (ECF Nos. 29–32.) On March 2, 2018—21 days after the motions to dismiss and strike were filed—Plaintiff filed an amended complaint. (ECF No. 39.) Because Plaintiff had not received leave from the Court to file the amended complaint, however, the Court struck the amended complaint as improperly filed. (ECF No. 42.) Plaintiff now asks the Court to reconsider its order striking the amended complaint. (ECF No. 44.)

For ease of discussion, the Court refers to Plaintiff's filings as follows: "C1" refers to Plaintiff's first complaint (ECF No. 1), which it sought to file completely under seal,

and which the Court struck from the docket (ECF No. 3); "C2" refers to the first redacted complaint (ECF No. 5), which the Court permitted to be filed (ECF No. 9); and "C3" refers to the amended complaint (ECF No. 39), which Plaintiff filed in response to Defendants' Rule 12 motions, and which the Court struck from the docket for failure to obtain leave (ECF No. 42).

## II. Discussion

Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to "amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f)." Rule 12(a)(2) provides, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." The issue here is whether, in filing C2, Plaintiff amend "its pleading . . . as a matter of course." Fed. R. Civ. P. 15(a)(1). Put another way, did Plaintiff amend C1 "as a matter of course" when, after the Court struck C1, Plaintiff filed C2, a new complaint that was "accepted" by the Court? For the following reasons, the answer to that question is "no," and Plaintiff thus did not need to obtain leave from the Court before filing C3.

The Court agrees with Plaintiff that the Ninth Circuit's decision in *Ramirez v. County of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015), is instructive. There, after the plaintiff filed his initial complaint in state court, and the defendants removed the case to federal court, the parties offered to the district court a stipulation calling for the dismissal of the original complaint and permitting the plaintiff to file an amended complaint within twenty days. *Id.* at 1004. The Court approved the stipulation (though, after altering the deadline for the plaintiff to file the amended complaint). *Id.* After the plaintiff filed his First Amended Complaint pursuant to the stipulation, the defendants moved to dismiss it. *Id.* Twenty-one days later, plaintiff filed a Second Amended Complaint. *Id.* The district court rejected the Second Amended Complaint "because leave of court had neither been sought nor granted." *Id.*

A Ninth Circuit panel reversed the district court's rejection of the Second Amended Complaint because the plaintiff had not, prior to filing the Second Amended

3

Complaint, amended his pleading "as a matter of course" for purposes of Rule 15(a)(1). The panel explained that the plaintiff's First Amended Complaint—filed pursuant to a stipulation between the parties—constituted an amendment under Rule 15(a)(2), not 15(a)(1). *Id.* at 1006–07. The panel further held that the Plaintiff's amendment under Rule 15(a)(2) did not "exhaust" his right to amend his complaint as a matter of course under Rule 15(a)(1) in the future. *Id.* at 1007. It explained:

> Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made.

*Id.* The panel concluded that "a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2)." *Id.*

With *Ramirez* in mind, the Court must ask whether Plaintiff's filing of C2 in this case was an amendment under Rule 15(a)(1) or 15(a)(2).[1] It is clear that C2 was an amendment under 15(a)(2). In striking C1, the Court instructed Plaintiff to file a new, redacted complaint. (ECF No. 3 at 4–5.) When Plaintiff did so, the Court "approved" the filing of C2. As a result, C2 was filed with "the court's leave." Fed. R. Civ. P. 15(a)(2). As *Ramirez* instructs, by amending its complaint under Rule 15(a)(2), Plaintiff did not extinguish its right to file an amended complaint as a matter of course under Rule 15(a)(1) in the future. Thus, so long as it "complie[d] with the . . . requirements found within . . . 15(a)(1)," Plaintiff did not need to obtain leave from the Court before filing

---

[1] This question, of course, assumes that Plaintiff's filing of C2 was an "amendment." Plaintiff argues that its filing of C2 was not an amendment because when the Court struck C1, there was nothing in this case to amend. In other words, Plaintiffs argues, filing C2 was the equivalent of filing an initial complaint. The Court need not address that issue because, as explained above, even assuming that C2 constitutes an amendment, it was filed under Rule 15(a)(2); as a result, Plaintiff retained its right to amend its pleading as a matter of course under Rule 15(a)(1).

4

C3. *Ramirez*, 806 F.3d at 1007. In filing C3, Plaintiff complied with the requirements of Rule 15(a)(1)(B). Defendants filed their motions to dismiss and strike on February 9, 2018 (*see* ECF Nos. 29–32), and Plaintiff filed C3 twenty-one days later, on March 2, 2018 (*see* ECF No. 39). *See* Fed. R. Civ. P. 15(a)(1)(B).

In their response to Plaintiff's motion to reconsider, Defendants ask that if the Court permits the filing of C3, that the Court strike particular portions of C3 and set an expedited briefing schedule. Neither of these requests are procedurally proper. If Defendants wish the Court to strike portions of C3, it must file a noticed motion asking for such relief. Similarly, if Defendants wish to challenge C3 on an expedited schedule, it must seek consent from all interested parties and file an appropriate motion.

### III. Conclusion

The Court concludes that Plaintiff did not need to obtain leave from the Court before filing the amended complaint on March 2, 2018. As a result, that filing should not have been stricken. The Court therefore GRANTS Plaintiff's motion for reconsideration.

The Clerk of Court is respectfully requested to un-strike the filing at ECF Number 39, which shall serve as the operative complaint in this case. Because that filing amends the previously operative complaint, the motions to dismiss and strike that earlier complaint (ECF Nos. 29–32) are DENIED as moot.

The Amended Complaint contains several redactions, which Plaintiff has asked the Court to approve via a motion to seal. (ECF No. 40.) According to the motion, the redactions apply to the same information and exhibits the Court permitted to be redacted in the previous version of the complaint because they contained attorney-client privileged and/or confidential information, attorney work product, or confidential negotiation communications. (*Id.* at 2.) For the reasons stated in the Court's previous order granting Plaintiff's motion to seal (*see* ECF No. 9), the Court GRANTS the motion to seal the selected portions of the operative Amended Complaint.

**IT IS SO ORDERED.**

Dated: March 23, 2018

_____
Hon. Gonzalo P. Curiel
United States District Judge