UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS & COCHRANE, LLP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, et al., <br><br> Defendants. | Case No.: 3:17-cv-01436-GPC-MDD <br><br> **ORDER DENYING AS MOOT MOTION TO SUPPLEMENT COMPLAINT AND SETTING PLEADINGS SCHEDULE** <br><br> **[ECF No. 71]** |

Before the Court is a motion by Plaintiffs to supplement their pleadings. (ECF No. 71.) Prior to the completion of the briefing on this motion, the Court issued a ruling on Defendants' pending motions to dismiss. The Court dismissed without prejudice a significant portion of the operative complaint. (ECF No. 89.) In the ruling, the Court explained that because this motion to supplement the complaint was pending, the Court would wait to rule on this motion before setting a deadline by which Plaintiffs needed to file a second amended complaint. (*Id.* at 39.)

Federal Rule of Civil Procedure 15(d) provides that the Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or

1

defense." In their proposed supplementation of the complaint, Plaintiffs allege that certain Defendants sent an unredacted version of sealed filings from this case to members of another tribe represented by Williams & Cochrane. (ECF No. 71-1 at 11–13.) Plaintiffs seek to use these allegations to support their RICO claims. (*Id.* at 4, 13–14.)

In response to the motion, Defendants[1] argue that because the Court has dismissed the operative complaint in this case, there is nothing to "supplement," and as a result the pending motion to supplement is moot. (ECF No. 91 at 2.) The Court agrees. The purpose of a motion to supplement is to add allegations of events that occur "after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The events discussed in the proposed supplemental complaint will have occurred prior to, not after, the filing of Plaintiffs' second amended complaint. As a result, Defendants are correct that there is nothing to supplement, rendering the pending motion moot. *See Patten v. Brown*, No. C 11-2057 LHK (PR), 2012 WL 1669350, at *8 (N.D. Cal. May 11, 2012) (dismissing as moot motion to supplement after the Court dismissed without prejudice the operative complaint).

The Court DENIES as moot the motion to supplement the complaint. (ECF No. 71.) Plaintiffs shall file a second amended complaint on or before **July 20, 2018**. The deadline for responsive pleadings shall be governed by the Federal Rules of Civil Procedure and this Court's Local Civil Rules. This order shall not be construed as limiting in any way Plaintiffs' ability to include the allegations found in the proposed supplemental complaint (*see* ECF No. 71-1 at 7–14) in their second amended complaint.

In their reply memorandum, Plaintiffs request that the Court "explicitly grant leave to amend to use the existing and new allegations in the Sixth Claim for Relief to state an interference with contract-type claim against Rosette." (ECF No. 93 at 5.) This request

---

[1] The Rosette Defendants filed a "statement of position" in response to the motion to supplement. (ECF No. 91.) The remaining defendants filed a notice that they joined the Rosette Defendants' statement of position. (ECF No. 92.)

is procedurally improper.  Such a request would have to be presented in a properly noticed motion.  It would be unfair to Defendants for the Court to declare that Plaintiffs may pursue a hypothetical claim without allowing Defendants to offer any argument in response.  What's more, any analysis provided by the Court in so ordering would be pure speculation.  *Cf.* S.D. Cal. Civ. R. 15.1(b) (requiring a motion to amend to be accompanied by "a copy of the proposed amended pleading").  The Court declines Plaintiffs' request.

The hearing set for July 6, 2018, is hereby VACATED.

**IT IS SO ORDERED.**

Dated:  June 26, 2018

Hon. Gonzalo P. Curiel
United States District Judge