UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS & COCHRANE, LLP, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, et al.,<br><br>　　　　　　　　　　　Defendants.<br><br>AND ALL RELATED COUNTER CLAIMS | Case No.: 17cv1436-GPC (MSB)<br><br>**ORDER ON JOINT MOTIONS FOR DETERMNATION OF DISCOVERY DISPUTES RE:**<br>**(1) QUECHAN'S PRIVILEGE LOG [ECF NO. 271];**<br>**(2) ROSETTE DEFENDANTS' PRIVILEGE LOG [ECF NO. 272]; AND**<br>**(3) ROSETTE DEFENDANTS' ALLEGED FAILURE TO COMPLY WITH FEBRUARY 4, 2020 ORDER [ECF NO. 274]** |

On April 16, 2020, the Court held a telephonic Discovery Hearing with counsel for all parties to address their Joint Motions for Determination of Discovery Dispute, filed on March 5, 2020, (ECF Nos. 271, 272), and March 18, 2020 (ECF No. 274).[1]  For the reasons stated on the record at the hearing, the Court **ORDERS** as follows[2]:

---

[1] Plaintiff confirmed prior to the hearing that ECF Nos. 271 and 272 were intended to replace ECF Nos. 269 and 270, and represented that Plaintiff would file a motion to withdraw ECF Nos. 269 and 270.

[2] The organization of this order mirrors the organization of the three motions submitted by the parties, addressing each motion in the order filed, and each issue as raised in each of the motions.

1

1. Regarding **ECF No. 271**, wherein Plaintiff objects to the Quechan Tribe of the Fort Yuma Indian Reservation's ("Quechan's") assertions of privilege in its privilege log:

   a. The Court **OVERRULES** Plaintiff's objection and finds that Quechan has not waived any attorney-client privilege asserted in its privilege log through its counterclaims, affirmative defenses, or damages request.

   b. The Court **OVERRULES** Plaintiff's objection and finds that the crime-fraud exception is inapplicable and does not waive Quechan's attorney-client privilege as asserted in its privilege log.

   c. The Court **OVERRULES** Plaintiff's objection and finds no waiver of Quechan's attorney-client privilege based on "successor attorney's animus."

   d. The Court **OVERRULES** Plaintiff's objection and finds that the challenged communications between Quechan and its attorneys, providing/seeking information for the purpose of obtaining legal advice or conveying legal advice, prior to formal retention of such attorneys are protected within the attorney-client privilege.

   e. The Court **OVERRULES** Plaintiff's objection and finds the August 23, 2017 email and attachment at numbers 158 and 159 of Quechan's privilege log were within the attorney-client privilege.

   f. (This entry was marked as a second "e" in the Joint Motion for Determination of Discovery Dispute.)  Plaintiff **WITHDREW without prejudice** its assertion that Quechan waived privilege as to all documents Quechan strategically omitted from the log.

   g. The Court finds the information presently before it insufficient for the Court to determine whether the identified emails and documents exchanged within Quechan are protected by attorney-client privilege.  No later than **April 27, 2020**, the Court **ORDERS** Quechan to, for the privilege log items identified in section G of ECF No. 271, provide declarations from people with knowledge describing (1) the roles and responsibilities of the individuals from Quechan who are associated with each document, and (2) why Quechan asserts their access either furthered the interests of

Quechan or was necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer was consulted.

  h. The Court finds the information presently before it insufficient for the Court to determine whether the identified emails and attachments sent between Rosette Defendants and non-tribal council members at Quechan are protected by attorney-client privilege. No later than **April 27, 2020**, the Court **ORDERS** Quechan to, for the privilege log items identified in section H of ECF No. 271, provide declarations describing (1) the roles and responsibilities of the individuals from Quechan who are associated with each document, and (2) why Quechan asserts their access either furthered the interests of Quechan or was necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer was consulted.

  i. The Court finds the information presently before it insufficient for the Court to determine whether the identified documents and communications between Quechan and non-attorney employees with the Rosette Defendants are protected by the attorney-client privilege. No later than **April 27, 2020**, the Court **ORDERS** Quechan to, for the privilege log items identified in section I of ECF No. 271, provide declarations describing (1) the roles and responsibilities of the individuals from Rosette who are associated with each document, and (2) why Quechan asserts their access either furthered the interests of Quechan or was necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer was consulted.

  j. The Court **OVERRULES** Plaintiff's objection to the application of the attorney-client privilege to the documents identified in section J of ECF No. 271 based on the nature of those documents. The Court finds such documents and communications are within the attorney-client privilege, so long as the parties sending and receiving the emails and documents at-issue are within the privilege.

2. **Regarding ECF No. 272**, wherein Plaintiff objects to Defendants Robert Rosette, Rosette & Associates, PC and Rosette, LLP's ("Rosette Defendants'") assertions of privilege in their privilege log:

    a.    The Court **OVERRULES** Plaintiff's objection and finds that Quechan has not waived any attorney-client privilege as asserted in the Rosette Defendants' privilege log through its counterclaims, affirmative defenses, or damages request. The Court further finds that attorney-client privilege applies to communications between lawyers at Rosette Defendants that were made for the purpose of representing Quechan.

    b.    The Court **OVERRULES** Plaintiff's objection and finds that the crime-fraud exception is inapplicable and does not waive Quechan's attorney-client privilege as asserted in the Rosette Defendants' privilege log.

    c.    The Court **OVERRULES** Plaintiff's objection and finds no waiver of Quechan's attorney-client privilege based on "successor attorney's animus."

    d.    The Court **OVERRULES** Plaintiff's objection and finds that the challenged communications between Quechan and Rosette Defendants are not unprotected by the attorney-client privilege simply because they were made prior to Quechan's formal retention of Rosette.

    e.    The Court **OVERRULES** Plaintiff's objection and finds that the identified emails and attachments in section E of ECF No. 272 fall within the attorney-client privilege.

    f.    The Court **OVERRULES** Plaintiff's objection **in part** and finds Rosette Defendants' privilege description categories 1 and 3-5 identified by Plaintiff in section F of ECF No. 172 sufficient to support a finding of attorney-client privilege, so long as the parties to the communications are within the privilege. However, as to category number 2, no later than **April 27, 2020**, the Court **ORDERS** the Rosette Defendants to submit a declaration from a person with knowledge setting forth the facts upon which the Rosette Defendants assert that the documents which were previously described as "regarding gaming compact negotiations, ratification, and/or potential litigation between Quechan and California" are subject to attorney-client privilege.

///

///

g. The Court has no reason to doubt Rosette Defendants' counsel's representations about the reasons for the amendments to these entries in Rosette Defendants' privilege log. Based on the Court's understanding of the parties' arguments, there are currently no communications between Rosette Defendants and Pauma from a time when Rosette Defendants did not represent Pauma for any reason that would be subject to this argument. The Court therefore **OVERRULES** Plaintiff's objection and finds the identified documents are protected by attorney-client privilege.

h. The Court finds the information presently before it insufficient for the Court to determine whether the identified emails and attachments sent between Rosette Defendants and non-tribal council members at Quechan are protected by attorney-client privilege. No later than **April 27, 2020**, the Court **ORDERS** Rosette Defendants[3] to, for the privilege log items identified in section H of ECF No. 272, provide declarations describing (1) the roles and responsibilities of the individuals from Quechan who are associated with each document, and (2) why access to those individuals at Quechan either furthered the interests of Quechan or was necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer was consulted.

i. The Court finds the issue raised in section I of ECF NO. 272 is now **moot**.

3. Regarding **ECF No. 274**, wherein Plaintiff challenges the adequacy of Rosette Defendants' compliance with the Court's February 4, 2020 Order, the Court finds Rosette Defendants' compliance satisfactory as to the issues Plaintiff raised in this motion.

4. To the extent the Court has ordered Quechan and Rosette Defendants to file supplemental information regarding certain privilege log entries, no later than **April 27, 2020**, each of them shall lodge a proposed order to efile_berg@casd.uscourts.gov,

---

[3] At the hearing, the Court inadvertently said that this would be addressed by Quechan's supplemental filing, however, because the Court needs information regarding items on Rosette Defendants' privilege log, the Court is ordering Rosette Defendants, rather than Quechan, to provide this supplemental information.

separately addressing each document identified in the categories for which the Court has requested additional information.

**IT IS SO ORDERED.**

Dated: April 17, 2020

_____
Honorable Michael S. Berg
United States Magistrate Judge