UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS & COCHRANE, LLP, et al.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, et al.,<br><br>　　　　　　　　　　　　Defendants.<br><hr>AND ALL RELATED COUNTER CLAIMS | Case No.: 17cv1436-GPC (MSB)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br>**[ECF No. 288]** |

Before the Court is a Joint Motion for Determination of Discovery Dispute filed by Plaintiff Williams & Cochrane ("Plaintiff") and Defendants Robert Rosette, Rosette & Associates, and Rosette, LLP ("Rosette Defendants") (collectively, "the Parties"), on April 23, 2020. (ECF No. 288.) Rosette Defendants seek an order from the Court compelling responses to Interrogatory Nos. 16–19. For the reasons set forth below, the Court **GRANTS** Rosette Defendants' motion to compel.

**I.　　BACKGROUND**

At issue in the instant motion is Rosette Defendants' Second Set of Interrogatories served on Plaintiff on February 28, 2020. However, resolution of the instant dispute hinges on the Court's determination regarding whether the 15 interrogatories in Rosette

Defendants' First Set of Interrogatories contained discrete subparts that caused them to exceed the statutory limit.

Rosette Defendants propounded their First Set of Interrogatories on October 9, 2019, consisting of 15 numbered interrogatories. Plaintiff objected to these interrogatories, inter alia, stating that each interrogatory had multiple subparts with the total exceeding the 25-interrogatory limit under the Federal Rule 33(a)(1). (ECF No. 288 at 13; ECF No. 289 at 1.) The parties met and conferred regarding this issue on November 27, 2019. Unable to resolve their dispute, the parties placed a joint call to the Court on December 2, 2019 and the Court held an informal, unscheduled discovery conference to address the parties' various discovery disputes with the Court for the first time. (ECF No. 229 at 1.) After an extensive discussion with counsel wherein the parties agreed to informal resolution of the disputes raised, the Court issued an Order memorializing the agreements reached in the conference, including Plaintiff's agreement to provide supplemental responses to the Rosette Defendants written discovery including "substantive responses to all of Mr. Rosette's interrogatories." (ECF No. 241 at 2, ¶4.) Plaintiff complied with the agreement, maintaining its objection that Rosette Defendants exceeded the number of allowed interrogatories. (ECF No. 288 at 15.) The Court did not make any ruling as to whether Rosette Defendants had met or exceeded their limit of interrogatories.

Rosette Defendants served their Second Set of Interrogatories on February 28, 2020. Plaintiff responded on April 1, 2020, refusing to answer four new interrogatories and reviving its objection that the Rosette Defendants exceeded the number of allowable interrogatories under Federal Rules. The parties met and conferred by phone call on April 13, 2020, but were unable to resolve their dispute. (ECF No. 288.)

## II.    LEGAL STANDARD

"The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Superior Commc'ns v. Earhugger, Inc., 257 F.R.D. 215, 217 (C.D. Cal. 2009); see

Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry a heavy burden of showing why discovery was denied"); Bryant v. Ochoa, No. 07cv200-JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).")

District courts have broad discretion to manage discovery. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting party has had ample opportunity to obtain discovery; or the discovery sought is beyond the scope of Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Fed. R. Civ. P. 33(d).

### III. DISCUSSION

**A. Timeliness**

In the instant motion, Plaintiff argues that Rosette Defendants request to compel responses was not timely filed.

The Court requires that the parties bring any discovery dispute to its attention no later than 30 days after the date upon which the event giving rise to the dispute occurred. Hon. Michael S. Berg, Civil Chamber Rules at IV.C-D. For written discovery, the event giving rise to the discovery dispute is the date of service of the response, not the date on which counsel reach an impasse in meet and confer efforts. If the dispute

concerns written discovery requests (e.g. interrogatories, requests for production) and a party will be moving to compel or moving for a protective order, the parties shall submit a "Joint Motion for Determination of Discovery Dispute."

Under the heading "Super Stale," Plaintiff argues that because Rosette Defendants knew of Plaintiff's present objection in November and December of 2019, it was incumbent on Rosette Defendants to "either raise the issue via joint motion or note it needed to file a motion under Rule 33(a)(1) before the close of written discovery to obtain the Court's permission to serve additional interrogatories." (ECF No. 288 at 16.) Plaintiff cites no authority for the mandate it seeks to impose of Rosette Defendants. However, the Court notes that since the Plaintiff agreed to supplement its responses to the First Set of Interrogatories despite its objections, there was no need for Rosette Defendants to file a joint motion to determine a discovery dispute in relation to those interrogatories. Had Rosette Defendants filed such a motion it would likely have been denied. By agreeing to amend its responses to the First Set of Interrogatories, Plaintiff rendered any opposition to the propounded interrogatories moot. Since the Court did not determine that Rosette Defendants had exceeded the permissible number of interrogatories, Rosette Defendants were not obligated to file a motion for leave to file additional interrogatories based solely on Plaintiff's earlier objection. Accordingly, the Court finds the instant motion timely filed.

**B.    Adequacy of Meet and Confer**

Next, under the heading "Premature," Plaintiff asserts that the meet and confer process was not completed because Rosette Defendants served their draft of the instant motion on Plaintiff prior to all issues being fully discussed by the parties. (Id. at 16.) Plaintiff indicates that during a phone call on April 15, 2020, two days after an initial call where counsel for Rosette Defendants had provided authority for their position, Plaintiff's counsel explained that he disagreed with her interpretation of case law and would like to discuss the issue again before engaging in motion practice. (Id. at 17.)

Rosette Defendants sent the proposed motion without further discussion shortly thereafter. (Id.)

Although the parties are required to engage in the meet and confer process prior to filing a joint discovery motion, the exact duration or style of meet and confer is not specified. The Court agrees with Plaintiff that the process should not be perfunctory and should involve a good faith discussion of all issues with the goal of resolving disputes without judicial intervention. Here, the parties discussed the issues in some capacity on two separate phone calls, counsel for Rosette Defendants provided case law and counsel for Plaintiff stated his disagreement with that case law. The Court is not persuaded that the meet and confer was inadequate, and finds it unlikely that further meet and confer would have resulted in a different conclusion. The Court finds that the meet and confer requirement was satisfied.

**C.   Whether Rosette Defendants Exceeded 25 Interrogatories with their First Set**

Rosette Defendants seek to compel responses to Interrogatory Numbers 16 through 19. Plaintiff refused to provide responses to these interrogatories because it claims Rosette Defendants already exceeded the limit imposed by the Federal Rules with their first set of interrogatories. (ECF No. 288 at 17–19.) First, Plaintiff alleges that eight contention interrogatories requesting supporting "facts, documents, and communications," should each count as three interrogatories. (Id. at 18.) Next, Plaintiff argues on other bases that Interrogatories 3, 5, and 14, contain between three and six discrete subparts. To rule on the instant motion, the Court must evaluate Plaintiff's arguments about Defendant's first set of interrogatories in turn.

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Although Rule 33(a) states that "discrete subparts" should be counted as separate interrogatories, it does not define that term. Safeco Ins. Co. of Am. v. Rawstron, 181 F.R.D. 441, 442–43 (C.D. Cal. 1998) (noting that the extensive use of subparts could defeat the purpose of the numerical limit contained in Rule 33(a) by

rendering it meaningless, while also recognizing that if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted).  However, "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" Trevino v. ACB Am., Inc., 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting Safeco, 181 F.R.D. at 445); see Montgomery v. Wal-Mart Stores, Inc., No. 12cv3057-JLS-DHB, 2015 WL 11233384, at *3 (S.D. Cal. July 17, 2015); Makaeff v. Trump Univ., LLC, No. 10cv940-GPC-WVG, 2014 WL 3490356, at *4 (S.D. Cal. July 11, 2014). "Subparts asking for facts, documents, and witnesses relating to a primary contention or allegation are logically or factually related, and thus should be construed as subsumed in the primary question." Synopsys, Inc. v. ATopTech, Inc, 319 F.R.D. 293, 297 (N.D. Cal. 2016).

    1.    <u>Interrogatories seeking "facts, documents and communications" - Interrogatory Nos. 1, 3, 8-13</u>:

Regarding these interrogatories, Plaintiff argues that each interrogatory that asks Plaintiff to identify "facts, documents, and communications," should be counted as three interrogatories.  Rosette Defendants contend that each of their interrogatories seeking "facts, documents, and communications" relates to a particular subject and therefore contain no discrete subparts.  The Court has reviewed the eight interrogatories in question, which are repeated here:

Interrogatory Number 1 requests Plaintiff "[i]dentify all facts, documents and communications that support [Plaintiff's] contention that the Challenged Statement was false."

Interrogatory Number 3 requests Plaintiff "[i]dentify all facts, documents and communications that support [Plaintiff's] contention that representatives of Quechan or any other person reviewed and was deceived by the Challenged Statement."

Interrogatory Number 8 requests Plaintiff "[i]dentify all facts, documents and

communications that support [Plaintiff's] contention that the State of California was prepared to execute the draft compact that [Plaintiff] sent to The State of California on June 21, 2017."

Interrogatory Number 9 requests Plaintiff "[i]dentify all facts, documents and communications that support [Plaintiff's] contention that the California Gambling Control Commission's claims or potential claims relating to Quechan's 2016 cessation of revenue sharing payments under the 2007 Amendment were resolved prior to [Plaintiff's] termination by Quechan."

Interrogatory Number 10 requests Plaintiff "[i]dentify all facts, documents and communications that support [Plaintiff's] contention that Councilmember White and Robert A. Rosette were acquainted with one another before June 16, 2017."

Interrogatory Number 11 requests Plaintiff "[i]dentify all facts, documents and communications that support [Plaintiff's] contention that Mr. Rosette emailed a version of his biography containing the Challenged Statement to President Keeny Escalanti and Councilmember White before June 16, 2017, and that Councilmember White and President Escalanti were actually deceived by the Challenged Statement."

Interrogatory Number 12 requests Plaintiff "[i]dentify all facts, documents and communications that support [Plaintiff's] contention that in paragraph 173 of the Complaint that during a June 16, 2017 meeting with President Escalanti and Councilmember White, Mr. Rosette stated that he 'successfully litigated the Pauma case, and then explained to Willie White and putative Quechan President Keeny Escalanti that he could simply step in and take over the negotiations at the final moment and thus try to enable Quechan to dodge its obligations under the Attorney-Client Fee Agreement.'"

Interrogatory Number 13 requests Plaintiff "[i]dentify all facts, documents and communications that support [Plaintiff's] contention that Quechan's decisions to terminate [Plaintiff] and retain the Rosette Defendants were caused by the Challenged Statement."

The Court has carefully reviewed each of these interrogatories and finds that each one asks for details "concerning a common theme." Synopsys, 319 F.R.D. at 294 (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 39–40 (3d ed. 2010)).  Each of the subjects for which Rosette Defendants seek the identification of supporting "facts, documents, and communication" is a specific contention or allegation for Plaintiff's case as contemplated in Synopsys, such that the identification of support for those contentions is "logically and factually subsumed and necessarily related to the primary question." The Court counts each of these interrogatories as one interrogatory. Safeco, 81 F.R.D. at 445.

2.  Interrogatory Nos. 3 & 5:

According to Plaintiff, Interrogatory Numbers 3 and 5 each contain "potentially four and six discreet [sic] subparts (putting aside the fact/document/communications divisions)."  However, Plaintiff does not articulate the reason for this assertion.

Interrogatory Number 3 requests Plaintiff "[i]dentify all facts, documents and communications that support [Plaintiff's] contention that representatives of Quechan or any other person reviewed and was deceived by the Challenged Statement." The Court finds that this interrogatory seeks information regarding anyone Plaintiff contends was deceived by the challenged statement.  That Rosette Defendants specifically called out Quechan does not make a discrete subpart since Quechan would be included within any person.  That Rosette Defendants asked about people who both reviewed and were deceived does not create a discrete subpart, since one must have reviewed the challenged statement to be deceived by it.  The Court does not find any conceivable reason to count this interrogatory as more than one.

Interrogatory Number 5 requests Plaintiff "[i]dentify all clients and potential clients who [Plaintiff] allege[s] terminated [Plaintiff], did not hire [Plaintiff], or limited [Plaintiff's] work for them because of the Challenged Statement." The interrogatory asking for the identification of clients and potential clients terminating, not hiring, or

8

limiting work for Plaintiff is logically related to the primary topic, loss of work due to the challenged statement.

3. <u>Interrogatory No. 14</u>:

Interrogatory Number 14 requests Plaintiff to "[i]dentify the factual basis for, method of computation for, and amount of any and all damages that [Plaintiff] claim[s] to have incurred as a result of any conduct by the Rosette Defendants alleged in the Complaint." Plaintiff contends this prompt asks for "*at least* three different things: (i) the factual basis for, [(ii)] the method of computation of, and (iii) the amount of *any* damages stemming from *any* conduct alleged in the complaint."

The Court finds that all of the details requested here are subsumed within the primary question of what damages Plaintiff is seeking from Rosette Defendants in this lawsuit. See <u>Synopsys</u>, 319 F.R.D. at 298 (finding interrogatory asking responding party to provide, for each accused instrumentality, "the number of units made, used, sold, licensed, or offered for sale, the revenue realized, the cost of good sold, the profit realized, and the person[] knowledgeable about [the party's] response" was comprised of subparts "subsumed within and necessarily related to the primary question.").

## IV.   CONCLUSION

The purpose of the limit on interrogatories is to ensure that discovery is conducted in an efficient manner. Because the Court finds that each of the challenged interrogatories from Rosette Defendants' first set counted as just one interrogatory, Plaintiff's objection is **OVERRULED** and Rosette Defendants' motion to compel is **GRANTED**. The Court **ORDERS** Plaintiff to respond to Interrogatory Numbers 16 through 19 by **June 9, 2020**.

**IT IS SO ORDERED**.

Dated: May 26, 2020

Honorable Michael S. Berg
United States Magistrate Judge