UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS & COCHRANE, LLP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, et al.,<br><br>Defendants. | Case No.: 17cv1436-GPC (MSB)<br><br>**ORDER DENYING WILLIAMS & COCHRANE'S EX PARTE MOTION TO VACATE NOTICES OF DEPOSITION BY THE QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION**<br>**[ECF NO. 299]** |
| AND ALL RELATED COUNTER CLAIMS | |

On May 22, 2020, Plaintiff Williams & Cochrane, LLP ("Plaintiff") filed an ex parte motion seeking to vacate the Notices of Depositions Defendant and Cross-Plaintiff Quechan Tribe of the Fort Yuma Indian Reservation ("the Tribe") issued to depose representatives for the State of California ("State"). (ECF No. 299 at 2.) Later the same day, the Tribe filed its Opposition to the ex parte motion and Defendants Robert Rosette, Rosette & Associates, PC, and Rosette, LLP (collectively "Rosette Defendants") filed a Notice of Joinder. (ECF Nos. 300, 301.)

///

1

## I.  BACKGROUND

In 2016-2017, California Superior Court Judge Joginder Dhillon and Sara Drake ("Deponents") were involved on behalf of the State of California in negotiations of the Tribe's class III gaming compact. (ECF No. 300 at 2.)

On March 12, 2020, the Tribe served third-party deposition subpoenas on both Deponents, setting April 28, 2020 and April 29, 2020 as the date for their depositions ("The Depositions"). (ECF No. 299-1 at 2.) The Tribe sent notices of "The Depositions" to counsel for the other parties in this case. (ECF No. 300-1 at 2.) Due to the COVID-19 pandemic, the Tribe determined it was necessary to postpone The Depositions; the Tribe informed Plaintiff's counsel on April 10, 2020 that The Depositions were being postponed to a date to be determined. (Id. at 3.)

On April 29, 2020, the parties filed a "Joint Motion for One-Time Continuance of Scheduling Order Deadlines." (ECF No. 293.) In response thereto, the Court continued fact discovery cut-off to June 12, 2020. (ECF No. 294.)

Working with Deponents' counsel, the Tribe rescheduled The Depositions for June 2, 2020 and June 3, 2020. (ECF No. 300-1 at 3.) The Tribe served notice of The Depositions rescheduled for June on counsel for the other parties on May 1, 2020. (ECF No. 299-1 at 2; ECF No. 300-1 at 3.) Neither Deponents nor their respective attorneys have objected either to being deposed or the date of the deposition. (Id.) Instead, Deponents' counsel agreed to produce subpoenas pursuant to the original subpoena on the postponed date. (Id.) Counsel for the Tribe met and conferred with Plaintiff's counsel "numerous occasions" between May 1, 2020 and May 20, 2020, with no mention of the scheduling of The Depositions until May 20, 2020. (Id.)

On May 20, 2020, Plaintiff's counsel met and conferred with counsel for Deponents and the Tribe to request they reschedule the depositions after a hearing on Plaintiff's motion to compel the State's compliance with document subpoenas, currently scheduled for hearing on June 10, 2020 in the United States District Court for the

Eastern District of California. (ECF No. 299-1 at 3.) Counsel for the Tribe informed Plaintiff that the depositions would go forward as planned. (Id.)

Plaintiff's instant ex parte motion, the Tribe's opposition, and Rosette Defendants' joinder were all filed on May 21, 2020. (ECF Nos. 299, 300, 301.)

## II.   DISCUSSION

Reciting the preceding facts, voluminous unsupported speculation regarding the Tribe's motives and strategy, and no authority, Plaintiff asks this Court to (1) vacate the notices for The Depositions on June 2 and 3, 2020; (2) require that the Tribe reissue its deposition subpoenas for a date after Plaintiff's motion to compel compliance with document subpoenas against the State is heard; and (3) require the Tribe to specify whether the depositions will be done in person or remotely, so Plaintiff can plan accordingly. (ECF No. 299.) Plaintiff offers to join the Tribe in requesting that The Depositions be permitted to go forward after the close of fact discovery. (Id. at 3, n.1.) The Tribe and Rosette Defendants (together, "Defendants") argue that Plaintiff has no standing to challenge The Depositions of third parties who do not object to their own depositions. (ECF No. 300 at 3-4.) They further note that there has been no prejudice to Plaintiff because the depositions were delayed, and any unfortunate timing for Plaintiff was the result of Plaintiff's own actions, such as late-issuance of subpoenas on the State and Plaintiff's insistence on only a one-time continuance. (Id. at 4-5.)

**A.   Standing**

In the first instance, the Court looks to see whether Plaintiff has standing to challenge the notices of deposition. The general rule is "that only the party to which a subpoena is directed has standing to challenge that subpoena." Stafford v. Brink's, Inc., No. CV 14-1352-MWF (PLA), 2016 WL 7647659, at *1 (C.D. Cal. Mar. 21, 2016) (citing Leal v. Target Corp., Case No. 2:14-cv-00846-APG-NJK, 2015 WL 7294936 (D. Nev. June 24, 2015).

The notices of deposition at issue here were duly noticed depositions to third parties, both of whom are represented by independent counsel. Plaintiff argues that

the deposition subpoena is insufficient because the original deposition notices expired and were not reissued. (ECF No. 299 at 2.) However, Deponents have agreed to appear at The Depositions based on the original subpoenas and their counsel agreed with the Tribe that it was unnecessary to reissue the subpoenas. Plaintiff has not put forward any authority for its position that the subpoena has expired or to justify attempted intervention here. Since Plaintiff does not represent Deponents, Plaintiff has no standing to challenge The Depositions. Plaintiff's ex parte requests to vacate the Tribe's deposition notices and order the Tribe to reissue subpoenas are **DENIED**.

B.     **Request for Completion of Document Subpoenas**

The real gist of Plaintiff's argument is that it should have the opportunity to finish litigating its motion to compel the State's compliance with its document subpoena, so that Plaintiff has the State's documents to use at The Depositions. (ECF No. 300 at 2-3.) Placing blame on the Tribe, Plaintiff suggests that by noticing The Depositions in the last two weeks before the close of fact discovery, the Tribe intended to force Plaintiff to go forward without complete documents with which to cross examine Deponents. (Id.) But this argument is unavailing.

Plaintiff has made no demonstration that it diligently pursued the records it now seeks to compel prior to The Depositions. The Court issued a Scheduling Order after a Case Management Conference on October 7, 2019. (ECF No. 242.) If Plaintiff wanted to have documents from the State prior to depositions of the State's witnesses, it was incumbent on Plaintiff to prioritize the pursuit of those documents early in discovery, yet Plaintiff hasn't even attempted to demonstrate that it made a diligent effort that would justify an exception to the current scheduling order for The Depositions to occur after fact discovery cutoff. Plaintiff does not state when it served the subpoena in question, or when it filed its motion to compel.

Nor has Plaintiff justified waiting from May 1 to May 20 before initiating a conversation with counsel for the Tribe and Deponents about rescheduling the depositions. If Plaintiff thought these documents justified delaying The Depositions, one

would expect that Plaintiff would have raised the issue even before April 10, when Plaintiff learned The Depositions would not go forward later that month. Plaintiff's having waited to raise this issue until May 20, 2020, suggests that continuance of The Depositions due to COVID-19 gave Plaintiff the opportunity to file the motion to compel which is the basis of this motion. In sum, the facts before the Court do not support Plaintiff's argument.

C.     **Request to Know Mode of The Depositions**

Addressing Plaintiff's concern about how The Depositions will go forward, the Court notes that counsel for the Tribe has informed Plaintiff in writing that they will proceed remotely. (ECF No. 300-1 at 4.) Plaintiff's request for more information is therefore **DENIED as moot.**

### III.     CONCLUSION

Plaintiff's ex parte motion to vacate the notices of deposition by the Tribe is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 26, 2020

Honorable Michael S. Berg
United States Magistrate Judge