UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS & COCHRANE, LLP, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, et al.,<br><br>　　　　　　　　　　　Defendants.<br><hr>AND ALL RELATED COUNTER CLAIMS | Case No.: 17cv1436-GPC (MSB)<br><br>**ORDER GRANTING THE QUECHAN TRIBE'S EX PARTE MOTION TO COMPEL FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 16 [ECF NO. 302]** |

On May 26, 2020, Defendant and Cross-Plaintiff Quechan Tribe of the Fort Yuma Indian Reservation ("the Tribe") filed an ex parte motion seeking to compel Plaintiff and Cross-Defendant Williams & Cochrane, LLP ("W&C" or "Plaintiff") to provide a further response to Request for Admission ("RFA"). (ECF No. 302.) Plaintiff filed its Opposition on May 27, 2020. (ECF No. 308.)

## I.    BACKGROUND

After many months spent litigating the pleadings, Plaintiff maintains causes of action against the Tribe for breach of contract and breach of the implied covenant of

1

good faith and fair dealing, both based on the Tribe's failure to pay fees after the Tribe terminated W&C. (ECF No. 220.) The Tribe maintains causes of action against W&C for (1) breach of fiduciary duty and (2) breach of the implied covenant of good faith and fair dealing, both relating to W&C's representation; (3) negligence and (4) breach of contract, both for failure to produce the client file on request; and (5) unfair competition. (ECF No. 231.) Fact discovery is set to close in this case on June 12, 2020. (ECF No. 294 at 2.)

On April 23, 2020, Plaintiff served objections and responses to the Tribe's Interrogatories (Set 2), Requests for Production (Set 4), and Requests for Admission (Set 2). (ECF No. 302-1 at 2; ECF No. 302-4 at 41.) On April 29, 2020, counsel for the Tribe sent an email to Plaintiff, requesting availability for a meet and confer regarding the Tribe's Interrogatories (Set 2) and Requests for Production (Set 4). (Id. at 2; ECF No. 308 at 2.) After slow communication and Plaintiff twice postponing scheduled meet and confer appointments, the parties finally met and conferred on May 15, 2020. (Id. at 2-4.) According to counsel for the Tribe, Plaintiff's counsel did not agree to amend its responses to any of the discovery at-issue. (Id. at 4.) According to Plaintiff's counsel, consistent with the Tribe's email initiating the meet and confer, counsel for the parties never discussed RFA Number 16 and the Tribe agreed to give Plaintiff a reasonable amount of time to amend its responses to the interrogatories and requests for production discussed. (ECF No. 308-1 at 2.) According to the Tribe's counsel, the parties met and conferred "about W&C's responses to the Tribe's interrogatories, as well as certain responses to the Tribe's requests for production and admission." (ECF No. 302-1 at 4.)

To permit the filing of the parties' Joint Motion for Determination of Discovery dispute regarding the Tribe's request to compel further responses to the written

discovery at-issue by the May 26, 2020[1] deadline calculated under Judge Berg's Civil Chambers Rules, (see Magistrate Judge Michael S. Berg's Civil Chambers Rule IV.D.), counsel for the Tribe served a complete draft of its portion of the motion on Plaintiff on May 18, 2020. (ECF No. 302-1 at 4.) According to Plaintiff, during a May 20, 2020 meet and confer with counsel for the Tribe regarding another matter, Plaintiff's counsel reiterated that Plaintiff would be amending the discovery responses sought in the prior call. (ECF No. 308-1 at 2.) On May 26, 2020, Plaintiff's counsel informed the Tribe that Plaintiff would send its portion of the joint motion at approximately 9:00 p.m. (Id. at 4.)

At 9:07 p.m., counsel for the Tribe received an unexpected email from Plaintiff's counsel that attached Plaintiff's amended responses to the Tribe's Interrogatories (Set 2) and Requests for Production (Set 4). (Id. at 4-5.) At 9:14 p.m., counsel for the Tribe received a second email with Plaintiff's draft of the joint discovery motion, which in the Tribe's opinion, altered its structure and organization and included argument that many of the issues were mooted by Plaintiff's amended responses. (Id. at 5.) Counsel for the Tribe informed Plaintiff's counsel that in light of Plaintiff's amended responses and alterations to the joint motion, the Tribe would be filing an ex parte motion to address RFA Number 16, the only disputed discovery for which Plaintiff did not serve an amended response. (Id.)

## II.   ADEQUACY OF MEET AND CONFER

Plaintiff claims that the Tribe never met and conferred regarding Request for Admission Number 16, and consequently argues that this ex parte motion should be denied, and the Tribe should be ordered to pay W&C's expenses in preparing the joint motion which was mooted by Plaintiff's amended responses. (ECF No. 308 at 2-4.)

---

[1] The Court notes that Plaintiff argued in a footnote that the instant motion was untimely. (See ECF No. 308 at 2 n.1.) However, Plaintiff appears to have incorrectly calculated the date from April 22, 2020, when Plaintiff's Proof of Service indicates a date of April 23, 2020. (See ECF No. 302-4 at 41.) Using the correct date, Plaintiff's motion is timely. See Fed. R. Civ. P. 6(a)(1).

As this Court recently explained at length, the requirement that parties meet and confer is important to permit parties to discuss and resolve their disputes, without constant intervention from the Court.  (ECF No. 308 at 7.)  There is no doubt here that the parties meet and confer efforts have been largely ineffectual throughout the discovery period.  Nevertheless, the counsel declarations presently before the Court conflict regarding whether the parties met and conferred about the RFA now at-issue.  While the Court regrets that the parties are unable to work with one another and instructs them to reconsider their approach to meet and confer in the future, on this conflicting record, the Court will not find this disagreement a basis to forego reaching the merits of this motion.

Similarly, while the Court is deeply concerned by the dearth of communication and waste of attorney hours discussed in the parties' pleadings, it is not prepared to assign responsibility for the many missteps to the Tribe, nor to reverse statute as advocated by Plaintiff to order the payment of expenses.

### III.     LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at trial to be discoverable. Id.  District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting

party has had ample opportunity to obtain discovery; or the discovery sought is beyond the scope of Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

"The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Superior Commc'ns v. Earhugger, Inc., 257 F.R.D. 215, 217 (C.D. Cal. 2009); see Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry a heavy burden of showing why discovery was denied"); Bryant v. Ochoa, No. 07cv200-JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).")

Federal Rule of Civil Procedure 36 sets forth the procedure by which parties can use RFAs to ascertain other parties' position on the truth of certain "facts, application of law to fact, or opinions about either[,] and the genuineness of any described documents." A responding party must either admit, specifically deny, or state in detail why the party cannot admit or deny. Fed. R. Civ. P. 36(a)(4); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245-46 (9th Cir. 1981). When ruling on a motion to compel further response, a court that finds objections unjustified must order that the responding party answer. Fed. R. Civ. P. 36(a)(6). If the court finds the answer does not comply with this rule, it may "order either that the matter is admitted or that an amended answer be served." (Id.)

## IV.   DISCUSSION

RFA Number 16 states: "Admit that you have never received a contingency fee as compensation for negotiating a gaming compact for a federally-recognized Indian Tribe." (ECF No. 302 at 5; ECF No. 302-4 at 29.) In its responses, Plaintiff objected on several grounds, which the Court summarizes as follows: (i) any further discovery was burdensome and disproportionate; (ii) "any applicable privilege or confidence"; (iii) relevance; (iv) the definition of "contingency fee" is vague, ambiguous and inconsistent with this case. (Id. at 5-7.) Subject to these objections, Plaintiff answered "Denied as

phrased, as Williams & Cochrane would have received a contingency fee in this matter if not for the last-minute, bad faith breach of the W&C fee agreement." (Id. at 7.)

In the instant motion, the Tribe asserts that Plaintiff's answer is non-responsive to the RFP, as whether Plaintiff "'would' have received a contingency fee for its representation of [the Tribe] has no bearing on whether or not W&C **has**, in fact, received such a fee in connection with any compact negotiation." (Id. at 7.) The Tribe asks that Plaintiff be compelled to provide a proper response. (Id.) While Plaintiff's opposition to this ex parte relies exclusively on the procedural arguments previously discussed, Plaintiff's counsel did include its portions of the draft joint discovery motion and its Memorandum of Points and Authorities in support thereof as attachments thereto. (See ECF No. 308-5; ECF No. 308-6.) Aside from arguing that the meet and confer was inadequate, Plaintiff argues that because it has already produced 15,000 pages of documents and the Tribe served 53 individual discovery requests on the deadline to serve written discovery, requiring Plaintiff to answer is burdensome and disproportionate to the needs of the case. (ECF No. 308-5 at 37-38.) Plaintiff also argues that the discovery sought is irrelevant and can be obtained by other sources. (ECF No. 308-6 at 3.)

The Court notes that a large part of this case involves Plaintiff seeking to obtain the contingency it believes it was entitled to, based on the work performed for the Tribe. Therefore, whether Plaintiff has ever received a contingency fee for similar work would be relevant to whether the fees sought here are reasonable. That the Tribe's counsel might also have relevant evidence and that an expert may also offer testimony doesn't make the requested RFA irrelevant.

The only discovery now before the Court is RFA Number 16, which appears to be timely filed, within the statutory limit, narrowly drawn, and very simple to answer clearly. Therefore, the Court does not find it overly burdensome or disproportionate to the needs of this case.

The Court agrees that Plaintiff has not properly responded to the Tribe's RFA, as it is not discernable from Plaintiff's response whether Plaintiff has ever received a contingency fee as compensation for compact negotiations. What might have occurred in the future between Plaintiff and the Tribe should not qualify or otherwise impact whether Plaintiff admits or denies the RFP. The Court therefore **GRANTS** the Tribes motion, and **ORDERS** Plaintiff to respond to the Tribe's RFA Number 16 no later than **June 1, 2020**.

## V. CONCLUSION

For the foregoing reasons, this ex parte motion is **GRANTED** and Plaintiff is **ORDERED** to provide a response to RFA Number 16 no later than June 1, 2020.

**IT IS SO ORDERED.**

Dated: May 27, 2020

Honorable Michael S. Berg
United States Magistrate Judge