UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS & COCHRANE, LLP,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT ROSETTE, et al.,<br><br>　　　　　Defendants. | Case No.: 17-CV-1436-RSH-DEB<br><br>**ORDER DENYING PARTIES' MOTIONS TO SEAL IN CONNECTION WITH SUMMARY JUDGMENT BRIEFING**<br><br>**[ECF Nos. 320, 324, 326, 341, 345]** |

Plaintiff, along with Defendants Rosette & Associates, PC; Rosette, LLP; Robert Rosette ("Rosette Defendants"); and the Quechan Tribe of the Fort Yuma Indian Reservation ("Tribe," and collectively with Plaintiff and Rosette Defendants, the "Movants") have filed five motions to seal in connection with their summary judgment briefing: (i) the Rosette Defendants' September 9, 2020 motion to seal in connection with their summary judgment motion, ECF No. 320, (ii) Plaintiff's September 17, 2020 motion to seal in connection with its motions for summary judgment against the Rosette Defendants and the Tribe, ECF No. 324, (iii) the Tribe's September 17, 2020 motion to seal in connection with its summary judgment motion, ECF No. 326, (iv) the Rosette Defendants' October 16, 2020 motion to seal portions of their opposition brief in response to Plaintiff's summary judgment motion and their response to Plaintiff's

separate statement of undisputed material facts, ECF No. 341, and (v) the Tribe's October 16, 2020 motion to seal portions of its opposition brief in response to Plaintiff's summary judgment motion and its response to Plaintiff's separate statement of undisputed material facts, ECF No. 345 (collectively, the "Motions").

There is a presumptive right of public access to court records based upon the common law and the First Amendment. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). A party must demonstrate "compelling reasons," supported by "specific factual findings" to seal a document in connection with a dispositive motion, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

The Motions fail to demonstrate "compelling reasons" to seal any of the referenced documents. The sole justification Movants provide for sealing documents referenced in their summary judgment briefing is that another party in the case designated those documents as "Confidential" or "Highly Confidential." *See* ECF No. 320-1 at 1 (indicating Rosette Defendants "take[] no position" on sealing exhibit and only seek to "provide the [other] parties with an opportunity to provide justification for its sealing if any party has a compelling interest in doing so"); *id*. at 2 (noting Rosette Defendants "take[] no position" on sealing documents Plaintiff marked confidential); ECF No. 326-1 at 1-2 (indicating Tribe "takes no position" on sealing documents Plaintiff designated as confidential); ECF No. 341-1 at 1-2 (noting Rosette Defendants "take[] no position" on sealing documents Plaintiff designated as confidential); ECF No. 345-1 at 1-2 (indicating Tribe "takes no position" on sealing documents Plaintiff designated as confidential). Plaintiff also moves to seal three exhibits with redactions because "this Court previously approved and allowed [them] to be filed under seal." ECF No. 324 at 1. But Plaintiff "expresses no position" on whether sealing is still warranted. *Id*. These statements are not "specific factual findings" establishing a "compelling reason," *Pintos*, 605 F.3d at 678, to seal the referenced material.

1    WHEREFORE, the Court hereby **DENIES** the Motions.  Within fourteen (14)
2  days of the date of this Order, the Movants shall meet and confer with the party
3  designating the referenced material as confidential to determine whether the designating
4  party maintains there are compelling reasons to file the material under seal. If so, the
5  designating party may file an additional motion to seal within twenty-one (21) days of the
6  date of this Order and also file—as a "sealed lodged proposed document," in accordance
7  with Section 2(j) of the ECF Manual—a non-public, unredacted version that highlights
8  any specific proposed redactions in yellow for the Court's consideration. If the
9  designating party does not timely file a motion to seal, the Court may order that the
10  document be filed in the public record. The Court recognizes that this action was only
11  recently transferred and directs the parties to follow the sealing procedures outlined in the
12  undersigned's individual chambers rules in the future.

13    **IT IS SO ORDERED**.

14  Dated:  July 14, 2022

_____
Hon. Robert S. Huie
United States District Judge