1

2

3

4

5

6

7

8      UNITED STATES DISTRICT COURT

9      SOUTHERN DISTRICT OF CALIFORNIA

10

11   WILLIAMS & COCHRANE, LLP,                    Case No.:  17-cv-1436-RSH-DEB

12                           Plaintiff,

                                                  **ORDER GRANTING IN PART AND**
13   v.                                           **DENYING IN PART PLAINTIFF'S**
                                                  **MOTION TO RETAX COSTS**
14   ROBERT ROSETTE, et al.,

15                           Defendants.
                                                  [ECF No. 409]
16

17

18        Pending before this Court is a motion by Plaintiff Williams & Cochrane, LLP

19   ("W&C") to retax costs. ECF No. 409. As set forth below, the motion is granted in part

20   and denied in part.

21   **I.      BACKGROUND**

22        W&C filed this lawsuit on July 17, 2017. ECF No. 1. The final iteration of its

23   pleading was its Fourth Amendment Complaint ("4AC"), filed on September 25, 2019.

24   ECF No. 220. The 4AC contained three claims: (1) breach of contract, against the Quechan

25   Tribe of the Fort Yuma Indian Reservation (the "Quechan Tribe"); (2) breach of the implied

26   covenant of good faith and fair dealing, against the Quechan Tribe; and (3) false advertising

27   in violation of the Lanham Act, against Robert Rosette ("Rosette"), Rosette & Associates

28

1

1  PC, and Rosette LLP (collectively, the "Rosette Defendants"). *Id.* The Quechan Tribe
2  asserted counterclaims against W&C. ECF No. 231.

3       On September 27, 2022, the Court granted summary judgment to the Rosette
4  Defendants on W&C's Lanham Act claim against them. ECF No. 375. The Court also
5  granted summary judgment to the Quechan Tribe on W&C's claim for breach of implied
6  covenant, and granted summary judgment to W&C on the Quechan Tribe's counterclaims
7  for breach of fiduciary duty and breach of implied covenant. *Id.* As a result of that Order,
8  the Rosette Defendants were dismissed from the action; after the Order, W&C and the
9  Quechan Tribe still had one or more claims or counterclaims pending against each other.
10 On December 30, 2022, pursuant to a settlement agreement, W&C and the Quechan Tribe
11 dismissed their claims against each other. ECF Nos. 389, 395.

12      On January 23, 2023, judgment was entered against W&C in favor of the Rosette
13 Defendants. ECF No. 398. The Rosette Defendants thereafter submitted a bill of costs, ECF
14 No. 399, to which W&C objected, ECF No. 401. Following additional submissions, [ECF
15 Nos. 403, 406], the Clerk taxed costs of $11,283.94 against W&C. ECF No. 408. That total
16 had four components: (1) fees for service of summons and subpoenas in the amount of
17 $1,135.00; (2) fees for deposition transcripts in the amount of $8,985.69; (3) witnesses fees
18 of $40.00; and (4) fees for exemplification and copies in the amount of $1,123.25.

19      On May 12, 2023, W&C moved to retax costs, alleging error in the taxing of the
20 second and fourth cost components. ECF No. 409. The motion has been fully briefed. ECF
21 Nos. 410 (Opposition), 411 (Reply).

22 **II.    LEGAL STANDARD**

23      Rule 54 of the Federal Rules of Civil Procedure provides that except as otherwise
24 provided, "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).
25 Civil Local Rule 54.1 addresses items taxable as costs.

26      The Court reviews the Clerk's taxation of costs de novo. *Forouzan v. BMW of N.*
27 *Am., LLC*, 390 F. Supp. 3d 1184, 1186 (C.D. Cal. 2019). While there is a "presumption in
28 favor of awarding costs to a prevailing party," the district court has "discretion to refuse to

2

17-cv-1436-RSH-DEB

1  award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir.

2  2000) (en banc); *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1249 (9th Cir.

3  2014) (district courts are afforded significant "flexibility in evaluating the suitability of

4  awarding costs in a particular case.").

5  **III.   ANALYSIS**

6      W&C does not dispute that the Rosette Defendants are the "prevailing party," nor

7  does it object to the portions of the Clerk's order taxing service fees or witness fees.

8  Instead, W&C argues that the Court should reverse the award of fees for deposition

9  transcripts, and should reduce the award of fees for copying charges. ECF No. 409-1 at 5-

10  6. The Court addresses each of these components in turn.

11      **A.    Deposition Fees**

12      W&C argues that the Rosette Defendants cannot recover costs relating to five of the

13  six witnesses listed in the Rosette Defendants' bill of costs. W&C argues that the

14  depositions of two of these witnesses were noticed by the Quechan Tribe rather than by the

15  Rosette Defendants; and that the depositions of another three of the witnesses "were never

16  even cited by the Rosette Defendants in their summary judgment motion." *Id.* at 2-4. W&C

17  also argues that the Rosette Defendants should have produced, as a precondition to

18  recovering any fees, a written joint defense agreement that (W&C claims) the Rosette

19  Defendants had with the Quechan Tribe. *Id.* at 4.

20      Local Rule 54.1 allows for recovery of "[c]osts incurred in connection with taking

21  depositions," and provides that "[t]he cost of an original and one copy of any deposition

22  (including videotaped depositions) necessarily obtained for use in the case is allowable."

23  CivLR 54.1(b)(3). The rule further states that "[d]epositions need not be introduced in

24  evidence or used at trial to be taxable so long as at the time it was taken it could reasonably

25  be expected that the deposition would be used for trial preparation, rather than mere

26  discovery." *Id.* The rule does not, by its terms, prevent a party from recovering costs

27  relating to a deposition that a co-defendant noticed; nor does the rule require that, in a case

28

1  where summary judgment was granted, the deposition transcript be cited in the successful

2  summary judgment motion.

3      The Rosette Defendants respond that depositions of the witnesses were "reasonably

4  expected to be used for trial preparation at the time they were taken." ECF No. 410 at 3.

5  The Rosette Defendants represent, and W&C does not dispute, that the deponents at issue

6  were listed by W&C in its initial disclosures and/or expert disclosures. *Id.* The Rosette

7  Defendants contend that if any of these witnesses had been called at trial, the deposition

8  transcripts would have been necessary to refresh recollection or as impeachment evidence.

9  *Id.* With regard to the two witnesses noticed by Quechan, the Rosette Defendants state that

10  these two individuals were compact negotiators for the State of California; that their

11  depositions were necessary to counter W&C's theory that Quechan terminated W&C and

12  hired the Rosette Defendants just days before the compact negotiations were set to

13  conclude (relevant to W&C's claims against the Quechan Tribe and against the Rosette

14  Defendants alike); and that the depositions were necessary to preserve for trial the

15  testimony of these non-party witnesses, including a sitting Superior Court judge. *Id.* at 5-

16  6. The other three witnesses were W&C's retained or non-retained experts. *Id.* at 4. The

17  Rosette Defendants also state that where they agreed to share costs with their co-defendant

18  the Quechan Tribe—in connection with the depositions of W&C's retained experts—the

19  Rosette Defendants are only seeking recovery of the share of costs that the Rosette

20  Defendants paid. *Id.* at 7.

21      The fees associated with the depositions at issue were appropriately documented and

22  submitted. *See* ECF No. 399-3, Exs. B, C (invoices). This includes invoices reflecting fee

23  sharing among the co-defendants for expert depositions, for which the Rosette Defendants

24  were only billed for, and are only seeking to recover, their own "share." *Id.*, Ex. B at ECF

25  pp. 17, 18, 21. Given W&C's claims in the lawsuit and the role of the respective witnesses,

26  the Court agrees with the Rosette Defendants that the testimony of each of the witnesses

27  was "necessarily obtained for use in the case" and "could reasonably be expected . . . [to]

28  be used for trial preparation." Additionally, the Rosette Defendants furnished transcripts

17-cv-1436-RSH-DEB

1   of each of these witnesses in connection with the summary judgment motions or the

2   accompanying motion to exclude. *See* ECF Nos. 322-7 at 11, 332-2 ¶¶ 5, 6; *see also Dang*

3   *v. Solar Turbines Inc.*, Case No. 07-cv-520-MMA (POR), 2009 WL 10671999, at *1 (S.D.

4   Cal. May 26, 2009) (allowing deposition costs where "Defendant introduced Plaintiff's

5   deposition testimony into evidence in support of its motion for summary judgment"). The

6   Rosette Defendants were not required to submit any joint defense agreement.

7         **B.    Copying Fees**

8         W&C also challenges $1,123.25 for copying fees because the documentation

9   submitted by the Rosette Defendants reflects that the cost per page varied from $0.50 to

10  $0.55, an amount that W&C describes as "inflated" and unreasonable. *See* ECF No. 409-1

11  at 5 (W&C brief); ECF No. 399-3, Ex. D (invoices); ECF No. 403 ¶ 3 (chart listing invoice

12  date, page count, cost per page, and total cost).

13        Civil Local Rule 54.1 provides that "[t]he cost of copies necessarily obtained for use

14  in the case are taxable if . . . copies were provided either to the Court or to opposing counsel

15  either by court order, or rule or statue." CivLR 54.1(b)(6). The Rosette Defendants seek

16  recovery of coping fees only for the submission of courtesy copies to the Court as required

17  by local and chambers rules. ECF No. 399-2 at 3.

18        Here, the declaration and invoices submitted by the Rosette Defendants reflect that

19  they indeed incurred and paid the claimed amounts. These charges are *prima facie*

20  reasonable, and W&S has not offered evidence that they were unreasonably incurred. *See*

21  *Art Attacks Ink, LLC v. MGA Ent., Inc.*, No. 04-cv-1035-B (BLM), 2008 WL 11337852, at

22  *3 (S.D. Cal. Mar. 19, 2008) ("As to the higher prices, Defendants paid these fees to the

23  purveyor of the services; thus, the charges are prima facie reasonable unless rebutted by

24  evidence from the Plaintiff, which it has not offered."). However, the Court in its discretion

25  reduces the recoverable cost per page to $0.20. Thus, the recoverable copying costs for the

26  2,183 pages is $436.60. The Rosette Defendant's total taxable costs are therefore

27  $10,597.29.

28

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's motion to retax costs is **GRANTED in part and DENIED in part**. The Rosette Defendants are entitled to recover their costs against W&C in the amount of **$10,597.29**.

**IT IS SO ORDERED**.

Dated:  November 9, 2023

_Robert S. Huie_
_____
Hon. Robert S. Huie
United States District Judge

17-cv-1436-RSH-DEB